**Entered on Docket**
**April 15, 2015**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the court.
Signed April 15, 2015

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Evan Charles Eldridge,<br><br>        Debtor.<br>_____ | No. 11-48077<br><br>Chapter 13 |
| Martha G. Bronitsky,<br>*Chapter 13 Standing Trustee*,<br><br>        Plaintiff,<br><br>        v.<br><br>The Hassan and Fay Eshan Trust, and<br><br>Hassan Ehsan, Trustee of the Hassan and Fay Eshan Trust,<br><br>        Defendants.<br>_____ | Adv. Pro. No. 14-04180 |

**MEMORANDUM REGARDING APPLICATION TO CORRECT JUDGMENT**

    This adversary proceeding was filed by the Chapter 13 Standing Trustee ("Plaintiff") under section 542 of the

1

Case: 14-04180   Doc# 28   Filed: 04/15/15   Entered: 04/15/15 14:11:53   Page 1 of 9

Bankruptcy Code to recover $22,387.98 from The Hassan and Fay Eshan [sic] Trust, and Hassan Ehsan, Trustee of the Hassan and Fay Eshan [sic] Trust ("Defendants") that was distributed to the Defendants in error during the related chapter 13 case. The Defendants did not answer the Plaintiff's complaint, and a *Default Judgment* was entered on March 10, 2015. The *Default Judgment* was entered against "The Hassan and Fay Eshan Trust, and Hassan Eshan, Trustee of the Hassan and Fay Eshan Trust." The adversary proceeding was closed on March 25. On March 27, Plaintiff filed an *Application to Correct Judgment Pursuant to FRCP 60(a) as Incorporated under Bankruptcy Rule 9024*. The *Application* requests the *Default Judgment* be corrected to list the Defendants as "The Hassan and Fay Ehsan Trust," and "Hassan Ehsan, Trustee of the Hassan and Fay Ehsan Trust," the correct names. This memorandum first discusses the relevant procedural history, and then evaluates whether the spelling error can be corrected under Rule 60(a).

## Discussion

I. Relevant Procedural History

Although the Trust and Trustee did not respond to the complaint in this adversary proceeding, the Trust and Trustee participated in the related bankruptcy case. The Trustee filed a proof of claim on behalf of the Trust on August 26, 2011,

2

listing the creditor as "The Hassan and Fay Eshan Trust." Shortly thereafter, on August 30, 2011, the Trust obtained counsel, Clayton & McEvoy, P.C., and counsel filed an amended proof of claim which listed the creditor as "The Hassan and Fay Ehsan Trust." Counsel for the Trust also filed a request for notice, an objection to a motion to avoid the Trust's lien, and an objection to the Debtor's plan. At a plan confirmation hearing on November 10, 2011, Laurence McEvoy appeared on behalf of the Trust and withdrew the two objections. The plan was confirmed.

On September 22, 2014, the Chapter 13 Standing Trustee filed an adversary proceeding against "The Hassan and Fay Eshan Trust" (hereinafter "First Adversary Proceeding"). *See Martha G. Bronitsky, Chapter 13 Standing Trustee v. The Hassan and Fay Eshan Trust*, AP No. 14-04130 (Bankr. N.D. Cal. Sept. 22, 2014). The court scheduled a status conference in the First Adversary Proceeding *sua sponte*, which was held on December 3, 2014. Plaintiff's counsel was the only party to appear at the status conference, and the court discussed with Plaintiff's counsel whether the Trustee of The Hassan and Fay Eshan Trust should be added as a defendant to the adversary proceeding. On December 8, the Moran Law Group filed a notice of appearance on behalf of the Hassan and Fay Ehsan Trust in the First Adversary

3

Case: 14-04180    Doc# 28    Filed: 04/15/15    Entered: 04/15/15 14:11:53    Page 3 of 9

Proceeding. On December 10, the Chapter 13 Standing Trustee voluntarily dismissed the First Adversary Proceeding, and filed this adversary proceeding which includes both the Trust and Trustee as defendants.

In this adversary proceeding, a copy of the complaint was served by certified mail to Clayton & McEvory, P.C., The Hassan and Fay Eshan Trust, and Hassan Eshan. The Moran Law Group was not served with a copy of the complaint and summons. Clayton & McEvoy, P.C. filed a letter in the adversary proceeding after receiving the complaint, and notified the court that the firm withdrew its representation of Hassan Ehsan individually and as trustee of the Hassan and Fay Ehsan Trust in February 2012. There were no other responses filed, and a default judgment was entered on March 10, 2015.

II.  Rule 60(a) and Rule 59(e)

Plaintiff cites Federal Rule of Civil Procedure ("FRCP") 60(a), as incorporated by Federal Rule of Bankruptcy Procedure ("FRBP") 9024, as grounds to correct the judgment to reflect accurately the names of the Defendants. FRCP 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." Fed. R. Civ. P. 60(a). The correction can be made after

4

motion, or by the court *sua sponte*, and can be made with or without notice. *Id.*

FRCP 59(e), as incorporated by FRBP 9023, allows the court to alter or amend a judgment. Fed. R. Civ. P. 59(e). Under FRCP 59(e), a motion to alter or amend a judgment must be filed within 28 days after the entry of the judgment, and FRBP 9023 reduces the 28 day deadline to 14 days. Fed. R. Bankr. P. 9023. In a recent Ninth Circuit Court of Appeals decision, *Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294 (9th Cir. 2014)*, the Ninth Circuit explained that a judgment can be corrected under Rule 60(a) for clerical errors, oversights, and omissions, but if a court makes a substantive change in its decision, the judgment must be amended under Rule 59(e).[1]

The Ninth Circuit has also considered whether a misspelled party's name on a judgment can be corrected using Rule 60(a). In a 2009 Ninth Circuit decision, *Catz v. Chalker, 566 F.3d 839*

---

[1] *Id.* at 1298. *See also Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (distinguishing FRCP 59(e) from FRCP 60(a)). In *Tattersalls, Ltd. v. DeHaven*, the District Court held for the plaintiff but did not initially award damages. The District Court instructed the plaintiff to amend the judgment under FRCP 59(e) once damages became certain, and in doing so, overlooked the 28 day deadline to file a motion under FRCP 59(e). After becoming aware that the deadline had expired, the court allowed the judgment to be amended under FRCP 60(a). The Ninth Circuit affirmed because the District Court was not making a substantive change to its decision, and always intended to award damages. *Id.* at 1299. According to the Ninth Circuit, "[t]he basic distinction between clerical mistakes and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of blunders in execution whereas the latter consist of instances where the court changes its mind." *Id.* at 1297 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987) (internal quotation marks omitted).

5

*(9th Cir. 2009)*, the Ninth Circuit indicated Rule 60(a) can be applied to correct a misspelled party's name on a judgment. In *Catz v. Chalker*, the District Court awarded attorney fees to the defendant, but the plaintiff's name was incorrectly spelled in the caption of the judgment. *Id.* at 840. The plaintiff filed a motion to amend the judgment and correct the spelling, and cited FRCP 59(a). The defendant did not oppose the motion, and the court amended the judgment. The plaintiff then appealed entry of the judgment. The primary issue before the Ninth Circuit was whether the plaintiff's filing of the motion tolled the time to appeal the judgment. The Ninth Circuit determined that the plaintiff should have brought the motion under Rule 60(a), instead of Rule 59(a), because correcting the plaintiff's name in the judgment was a clerical mistake. *See id.* at 841. The court concluded that the time to appeal was tolled. *Id.* at 842.

   III. Application

   In this adversary proceeding, the name "Eshan"/"Ehsan" appears three times. The Plaintiff erred by misspelling "Ehsan" as "Eshan" twice in the complaint's caption. "Ehsan" was correctly spelled once in the complaint's caption, but was transcribed incorrectly by the Clerk of Court and is misspelled

6

"Eshan" on the docket.  The *Default Judgment* misspells "Ehsan" as "Eshan" three times.

The misspelling which resulted from a transcription error made by the Court clearly falls within the framework of FRBP 9024, and can be corrected by the Court without notice.  At issue is whether the two additional errors which originated in the Complaint's caption can be corrected under FRBP 9023 or 9024.

Applying the principals provided under recent Ninth Circuit case law, this is a matter of correcting a clerical error and these two additional errors can be corrected under FRBP 9024.  The Defendants were actively engaged and represented in the bankruptcy case, and in the adversary proceedings there was never any confusion or doubt regarding their identity.  Although the complaint and *Default Judgment* include a minor misspelling of the Defendants' names, the adversary proceeding was brought against the Trust and Trustee to recover payments made to those parties during the bankruptcy case.  The *Default Judgment* was entered by the Court to recover those payments.[2]

---

[2] The court will not determine if the error could also be corrected under FRBP 9023 because the judgment was entered on March 10, 2015, and the 14 day deadline to file a motion to amend the judgment under FRCP 59(e) has expired.

7

## Conclusion

For the reasons discussed above, it is possible to apply FRBP 9024 to correct the three spelling errors. However, the court believes the relief requested in the *Application to Correct Judgment Pursuant to FRCP 60(a) as Incorporated under Bankruptcy Rule 9024* should not be granted on an *ex parte* basis. While reviewing the *Application*, the Court became aware that the Moran Law Group filed a timely appearance in the First Adversary Proceeding. The Moran Law Group was not served with a copy of the complaint or summons in this adversary proceeding, and the Court believes a hearing on the *Application* should be held to provide an opportunity for discussion before any correction to the *Default Judgment* is made. The court will enter an order scheduling the *Application* for hearing, and provide the Moran Law Group with notice.

**\*END OF MEMORANDUM\***

**COURT SERVICE LIST**

Martha G. Bronitsky, Chapter 13 Standing Trustee
c/o Leonidas G. Spanos
6140 Stoneridge Mall Rd # 250
Pleasanton, CA 94588

EVAN CHARLES ELDRIDGE
4301 KANSAS STREET
OAKLAND, CA 94619

DARYA SARA DRUCH, ATTY
1 KAISER PLAZA #480
OAKLAND, CA 94612

THE HASSAN AND FAY EHSAN TRUST
7166 ECHO RIDGE DRIVE
SAN JOSE, CA 95120

HASSAN EHSAN,
TRUSTEE OF THE HASSAN AND FAY EHSAN TRUST
7166 ECHO RIDGE DRIVE
SAN JOSE, CA 95120

Cathleen Cooper Moran
Moran Law Group, Inc.
1674 N Shoreline Blvd. #140
Mountain View, CA 94043-1375